**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>District of Delaware</u>

Case number (*if known*): _____ Chapter <u>11</u>

❑ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals, is available.*

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Phoenix Services Parent, LLC |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** | N/A |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 82-3738023 |

**4.**  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 4        Radnor Corporate Center, Suite 502 | |
| Number   Street | Number              Street |
| 100 Matsonford Road | |
| | P.O. Box |
| Radnor          Pennsylvania   19087 | |
| City              State              ZIP Code | City           State           ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Delaware | |
| County | Number        Street |
| | |
| | City           State           ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | https://www.phoenix-services.com |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other.  Specify: _____ |

| Debtor | Phoenix Services Parent, LLC | Case number (if known) | 22-_____ ( ) |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

3311 - Iron and Steel Mills and Ferroalloy Manufacturing

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first subbox. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes | District _____ | When _____ | Case number _____ |
| | | MM/ DD/ YYYY | |

| District _____ | When _____ | Case number _____ |
| | MM / DD/ YYYY | |

Debtor    Phoenix Services Parent, LLC                                    Case number (if known)    22-____ (  )
_____Name_____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes    Debtor    See Schedule 1            Relationship    See Schedule 1

District    Delaware            When    September 27, 2022
                                            MM / DD/ YYYY

Case number, if known    _____

**11. Why is the case filed in this district?**    *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that appl*y.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?    _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other    _____

**Where is the property?**    _____
                            Number        Street

                            _____
                            City        State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency    _____

Contact Name    _____

Phone    _____

---

**  Statistical and administrative information**

**13. Debtor's estimation of available funds**    Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49            ☒ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99            ☐ 5,001-10,000        ☐ 50,001-100,000
☐ 100-199        ☐ 10,001-25,000        ☐ More than 100,000
☐ 200-999

| Debtor | Phoenix Services Parent, LLC | Case number (if known) | 22-____ ( ) |
|---|---|---|---|
| | Name | | |

**15. Estimated assets**
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __September 27, 2022__
      MM / DD/ YYYY

✗ _/s/ Robert A. Richard_                          Robert A. Richard
Signature of authorized representative of debtor          Printed name

Chief Financial Officer
Title

**18. Signature of attorney**

✗ _/s/ Daniel J. DeFranceschi_          Date __September 27, 2022__
Signature of attorney for debtor                  MM / DD / YYYY

Daniel J. DeFranceschi                    Ray C. Schrock, P.C.
Printed Name

Richards, Layton & Finger, P.A.          Weil, Gotshal & Manges LLP
Firm Name

One Rodney Square, 920 North King Street   767 Fifth Avenue
Address

Wilmington, Delaware 19801               New York, New York 10153
City/State/Zip

(302) 651-7700                            (212) 310-8000
Contact Phone

defranceschi@rlf.com                     Ray.Schrock@weil.com
Email Address

2732               Delaware
Bar Number         State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of each Entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Phoenix Services Topco, LLC.

| COMPANY |
| --- |
| Phoenix Services Topco, LLC |
| Phoenix Services Parent, LLC |
| Phoenix Services Holdings Corp. |
| Phoenix Services International LLC |
| Metal Services LLC |
| Terracentric Materials LLC |
| Cool Springs LLC |
| Metal Services Investment LLC |
| Phoenix Receivables, LLC |

EXECUTION VERSION

**OMNIBUS WRITTEN CONSENT OF THE**

**BOARD OF MANAGERS, SOLE DIRECTOR OR SOLE MEMBER OF**

**PHOENIX SERVICES PARENT, LLC**
**PHOENIX SERVICES HOLDINGS CORP.**
**PHOENIX SERVICES INTERNATIONAL LLC**
**METAL SERVICES LLC**
**METAL SERVICES INVESTMENT LLC**
**COOL SPRINGS LLC**
**TERRACENTRIC MATERIALS LLC**
**PHOENIX RECEIVABLES, LLC**

September 26, 2022

The undersigned, being all of the members of the Board of Managers, the Sole Director or the Sole Member (each, as applicable, a "**Governing Body**" and together, the "**Governing Bodies**") of each of (i) Phoenix Services Parent, LLC, a Delaware limited liability company ("**Parent**"), (ii) Phoenix Services Holdings Corp., a Delaware corporation ("**Holdings**"), (iii) Phoenix Services International LLC, a Delaware limited liability company ("**International**"), (iv) Metal Services LLC, a Delaware limited liability company ("**MS**"), (v) Metal Services Investment LLC, a Delaware limited liability company ("**MSI**"), (vi) Cool Springs LLC, a Delaware limited liability company ("**Cool Springs**"), (vi) Terracentric Materials LLC, a Delaware limited liability company ("**Terracentric**") and (vii) Phoenix Receivables, LLC, a Delaware limited liability company ("**Receivables**," together with Parent, Holdings, International, MS, MSI, Cool Springs and Terracentric each, a "**Company**" and collectively, the "**Companies**"), hereby consent, pursuant to Section 18-404(d) and Section 18-302(d), as applicable, of the Delaware Limited Liability Company Act (as amended from time to time) or Section 141(f) of the Delaware General Corporation Law (as amended), as applicable, and the relevant governing documents of each Company, to the adoption and approval of the following resolutions and each and every action effected thereby by written consent in lieu of a meeting as of the date hereof:

**WHEREAS**, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and advisors of Phoenix Services Topco, LLC, the direct or indirect parent of each of the Companies ("**Topco**"), and the Companies regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses;

**WHEREAS**, the Governing Body of each Company had the opportunity to consult with the management and the legal and financial advisors of Topco and the Companies to fully consider, and has considered, the strategic alternatives available to such Company; and

**WHEREAS**, the Governing Body of each Company desires to approve the following resolutions.

**I.    Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that, the Governing Body of each Company has determined, after consultation with the management and the legal and financial advisors of Topco and the Companies, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that, each officer of each Company (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file, in the name and on behalf of such Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, and other documents (the "**Chapter 11 Filings**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds which such Authorized Person deems necessary, appropriate, or desirable in connection with such Company's chapter 11 case (the "**Chapter 11 Case**") or Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## II.   Debtor-in-Possession Financing

**WHEREAS**, certain Companies propose to enter into a senior secured super-priority debtor-in-possession financing transaction (such transaction, the "**DIP Financing**") as of or about the commencement of the Chapter 11 Cases on terms and conditions substantially consistent with those presented to the applicable Governing Bodies, with any amendments, modifications, alterations or changes thereto as may be approved by any applicable Authorized Person;

**WHEREAS**, certain Companies intend to enter into a senior secured super-priority debtor-in-possession credit agreement with respect to the DIP Financing (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "**DIP Financing Agreement**"), subject to approval of the Bankruptcy Court;

**WHEREAS**, certain Companies desire to guaranty the payment and performance of the obligations (other than each such Company's own primary obligations) under the DIP Financing Agreement and the other Additional DIP Financing Documents (as defined below); and

**WHEREAS**, it is hereby deemed that the DIP Financing Agreement and the Additional DIP Financing Documents and, to the extent any Company is a party thereto, the execution and delivery thereof, the performance of such Company's obligations thereunder and the transactions contemplated thereby, are advisable and in the best interests of the Companies.

**NOW, THEREFORE, BE IT RESOLVED**, that (a) the form, terms and conditions of, the DIP Financing, together with any amendments, modifications, alterations or changes thereto as may be approved by any Authorized Person, (b) the execution, delivery and performance by, the Companies, to the extent they are party thereto, of the DIP Financing Agreement and the Additional DIP Financing Documents, and the consummation of the transactions contemplated thereunder, including the borrowing (and repayment) of any loans or funds or any other extension of credit under the DIP Financing

2

Agreement and any Additional DIP Financing Document, the guaranty of any obligations under the DIP Financing Agreement and any Additional DIP Financing Document and the use of proceeds to provide liquidity for the Companies and their subsidiaries and affiliates throughout the Chapter 11 Case, (c) the repayment, termination or other treatment of existing third party debt of the Companies and any other existing indebtedness pursuant to the terms of the DIP Financing Agreement and/or any Additional DIP Financing Document, (d) the execution, delivery and performance by, the Companies, to the extent they are party thereto, of all agreements, documents, fee letters, engagement letters, certificates and instruments constituting exhibits to or necessary, advisable, desirable or appropriate (in the determination of any Authorized Person) to be executed and delivered by any Company in connection with the DIP Financing Agreement or any other "Loan Document" (or similar terms as defined in the DIP Financing Agreement), in each case, in such form and substance as may be approved by any Authorized Person (each an "**Additional DIP Financing Document**" and collectively, the "**Additional DIP Financing Documents**") and (e) the grant of security interests in all or any portion of any Company's assets to secure any obligations under the DIP Financing Agreement and any Additional DIP Financing Documents, are hereby in all respects authorized and approved, and that each Authorized Person, any one of whom may act without the joinder of any of the others, be, and they hereby are, authorized, empowered and directed to do and perform, or cause to be done and performed all such acts and things and to sign and deliver or cause to be signed and delivered, all such documents, agreements, certificates and other instruments, and to take all such other actions as are necessary, advisable or appropriate in order to effectuate the purpose and intent of the foregoing resolutions;

RESOLVED, that, as used herein, the term "**Additional DIP Financing Documents**" shall include, but not be limited to: (i) a debtor-in-possession guarantee agreement to be made by the Companies, to the extent they are party thereto, in favor of the DIP Administrative Agent, (ii) each debtor-in-possession security agreement, pledge agreement, collateral agreement or similar document pursuant to which liens in the assets of the Companies, to the extent they are party thereto, are granted to the DIP Administrative Agent, (iii) any other documents to which any Company is a party and (iv) all other documents to which any Company is a party necessary, convenient, appropriate, advisable or desirable to consummate the transactions contemplated by the DIP Financing Agreement and the other "Loan Documents" (or similar term as defined in the DIP Financing Agreement);

RESOLVED, that the granting by each Company of liens on and security interests in any or all of its assets to secure any obligations under the DIP Financing Agreement and any Additional DIP Financing Documents and the filing and recording of any UCC financing statements, fixture filings, intellectual property filings or any other documents and the taking of any other actions necessary, advisable, appropriate or desirable to perfect such the security interests, are hereby authorized and approved, and each Authorized Person is authorized on behalf of each applicable Company to execute and deliver any such other perfection documents or instruments, including, without limitation, continuation statements, and pay such fees, taxes, and expenses, as necessary;

RESOLVED, that the pledge by each Company of any equity interest held by it, the transfer of such equity interest to the DIP Administrative Agent or any nominee thereof and any transfer from to time by the DIP Administrative Agent or its nominee to any other person pursuant to the exercise of any rights under the DIP Financing Agreement and all steps required of such Company to give effect to such pledge and transfers, including the issuance of certificates of ownership and the entering of the names of any transferees onto the subsidiaries' equity holder registers, are hereby approved; and that each Authorized Person is hereby authorized, empowered and directed on behalf of such Company, to execute and deliver any such other transfer documents or instruments;

RESOLVED, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each applicable

Company, to take all actions (including, without limitation, (a) the negotiation, execution, delivery, and filing of any agreements, letters, certificates, or other instruments or documents, including the filing of UCC financing statements, fixture filings, intellectual property fillings or mortgage, (b) any increase in the principal amount of any obligation, (c) the modification or amendment of any of the terms and conditions of the DIP Financing Agreement and/or any Additional DIP Financing Document to the extent such Company is a party, (d) the payment of any consideration and (e) the payment of expenses, fees and taxes) as any such Authorized Person may deem necessary, appropriate, desirable or advisable (such acts to be conclusive evidence that such Authorized Person, in his or her sole discretion, deemed the same to be necessary, appropriate, desirable or advisable) in order to effect the transactions contemplated under the DIP Financing Agreement or any Additional DIP Financing Document to the extent such Company is a party, and all acts of any such Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of such Company;

**RESOLVED**, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each applicable Company, to prepare any certificates, agreements, notices, waivers, consents, amendments, UCC financing statements, endorsement of securities and other instruments and documents under the DIP Financing Agreement or any Additional DIP Financing Document to the extent such Company is a party as may be necessary, advisable or appropriate at any time from time to time, which amendments, waivers, consents or other instruments and documents may provide for modifications or relief under such agreements or documents and may require consent payments, fees or other amounts payable in connection therewith, and that each Authorized Person be, and hereby is, authorized, in the name and on behalf of such Company, to execute and deliver such amendments, waivers or consents under such agreements or documents as such Authorized Person shall deem to be necessary, advisable or appropriate, such execution and delivery by such Authorized Person to constitute conclusive evidence that the same has been authorized by the undersigned; and

**RESOLVED**, that the execution, delivery and performance of each of the documents described in the foregoing resolutions is necessary or convenient to the conduct, promotion or attainment of the business and purposes of the Companies.

## III.    General

**RESOLVED**, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, appropriate or desirable; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of such Company, as applicable, in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

**IN WITNESS WHEREOF**, each of the undersigned Governing Bodies has executed this written consent as of the date first written above.

**PHOENIX SERVICES PARENT, LLC**

<u>Board of Managers:</u>

_____
Gareth Turner

_____
Conor Sutherland

_____
Joseph Romeo

_____
Layle Kiplind Smith

_____
Kelli Gant

_____
Mark Porto

_____
Patrick Bartels

_____
Paul Aronzon

**IN WITNESS WHEREOF**, each of the undersigned Governing Bodies has executed this written consent as of the date first written above.

PHOENIX SERVICES PARENT, LLC

<u>**Board of Managers**</u>:

_____
Gareth Turner

_____
Conor Sutherland

_____
Joseph Romeo

_____
Layle Kiplind Smith

_____
Kelli Gant

_____
Mark Porto

_____
Patrick Bartels

_____
Paul Aronzon

**IN WITNESS WHEREOF**, each of the undersigned Governing Bodies has executed this written consent as of the date first written above.

**PHOENIX SERVICES PARENT, LLC**

**Board of Managers**:

_____
Gareth Turner


_____
Conor Sutherland


_____
Joseph Romeo


_____
Layle Kiplind Smith


_____
Kelli Gant


_____
Mark Porto


_____
Patrick Bartels


_____
Paul Aronzon

**IN WITNESS WHEREOF**, each of the undersigned Governing Bodies has executed this written consent as of the date first written above.

**PHOENIX SERVICES PARENT, LLC**

**<u>Board of Managers</u>:**

_____
Gareth Turner


_____
Conor Sutherland


_____
Joseph Romeo

_____
Layle Kiplind Smith


_____
Kelli Gant


_____
Mark Porto


_____
Patrick Bartels


_____
Paul Aronzon

IN WITNESS WHEREOF. each of the undersigned Governing Bodies has executed this written consent as of the date first written above.

PHOENIX SERVICES PARENT. LLC

**Board of Managers:**

_____
Gareth Turner

_____
Conor Sutherland

_____
Joseph Romeo

_____
Layle Kiplind Smith

_____
Kelli Gant

_____
Mark Porto

_____
Patrick Bartels

_____
Paul Aronzon

[Signature Page to Omnibus Written Consent of Governing Bodies of Phoenix Subsidiaries (Approving Ch. 11 Filing and DIP)]

**IN WITNESS WHEREOF**, each of the undersigned Governing Bodies has executed this written consent as of the date first written above.

PHOENIX SERVICES PARENT, LLC

**Board of Managers**:

_____
Gareth Turner

_____
Conor Sutherland

_____
Joseph Romeo

_____
Layle Kiplind Smith

_____
Kelli Gant

_____
Mark Porto

_____
Patrick Bartels

_____
Paul Aronzon

[Signature Page to Omnibus Written Consent of Governing Bodies of Phoenix Subsidiaries (Approving Ch. 11 Filing and DIP)]

**IN WITNESS WHEREOF**, each of the undersigned Governing Bodies has executed this written consent as of the date first written above.

**PHOENIX SERVICES PARENT, LLC**

<u>**Board of Managers**</u>:

_____
Gareth Turner

_____
Conor Sutherland

_____
Joseph Romeo

_____
Layle Kiplind Smith

_____
Kelli Gant

_____
Mark Porto

_____
Patrick Bartels

_____
Paul Aronzon

**IN WITNESS WHEREOF**, each of the undersigned Governing Bodies has executed this written consent as of the date first written above.

**PHOENIX SERVICES PARENT, LLC**

<u>**Board of Managers**</u>**:**

_____
Gareth Turner

_____
Conor Sutherland

_____
Joseph Romeo

_____
Layle Kiplind Smith

_____
Kelli Gant

_____
Mark Porto

_____
Patrick Bartels

_____
Paul Aronzon

**PHOENIX SERVICES HOLDINGS CORP.**

Mark Porto, Sole Director

**PHOENIX SERVICES INTERNATIONAL LLC**

<u>Board of Managers</u>:

_____
Mark Porto, Sole Manager

**METAL SERVICES LLC**

By: Phoenix Services International LLC,
its Sole Member

By: _____

Name: Mark Porto
Title:   Chief Executive Officer

**METAL SERVICES INVESTMENT LLC**
**COOL SPRINGS LLC**
**TERRACENTRIC MATERIALS LLC**
**PHOENIX RECEIVABLES, LLC**

By: Metal Service LLC,
as Sole Member of each

By: _____

Name: Mark Porto
Title:   Chief Executive Officer

[Signature Page to Omnibus Written Consent of Governing Bodies of Phoenix Subsidiaries (Approving Ch. 11 Filing and DIP)]

**Fill in this information to identify the case:**

Debtor name: _Phoenix Services Parent, LLC_

United States Bankruptcy Court for the _District of Delaware_
                                                                                       (State)

Case number (*If known*):    22-_____ ( )

☐ Check if this is an
   amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   Boyd Company<br>Attn.: David Cummins<br>Department 8326<br>Carol Stream, Illinois 60122 | Attn.: David Cummins<br>Phone: (502) 551-3452<br>Email: davecummins@boydcat.com | Trade Vendor | | | | $3,494,669.00 |
| 2   C & B Marine - Gallatin, LLC<br>Attn.: David Orme<br>50 E River Center Boulevard<br>Covington, Kentucky 41011 | Attn.: David Orme<br>Phone: (859) 217-2251<br>Email: dorme@carlislebray.com | Trade Vendor | | | | $3,269,264.00 |
| 3   J.A. Riggs Tractor Co.<br>Attn.: Denny Upton<br>P.O. Box 844753<br>Dallas, Texas 75284-4753 | Attn.: Denny Upton<br>Phone: (501) 940-6316<br>Email: dennyu@jariggs.com | Trade Vendor | | | | $2,322,815.00 |
| 4   Altorfer Industries, Inc.<br>Attn.: Don O'Neill<br>P.O. Box 809239<br>Chicago, Illinois 60680-9201 | Attn.: Don O'Neill<br>Phone: (630) 489-0060<br>Email: dononeill@altorfer.com | Trade Vendor | | | | $2,106,894.00 |
| 5   Radius Construction Co., Inc.<br>Attn.: Matt Tobler<br>409 West 35th Street<br>Latonia, Kentucky 41015 | Attn.: Matt Tobler<br>Phone: (859) 291-8812<br>Email: mtobler@radius1.com | Trade Vendor | | | | $1,698,062.00 |
| 6   Alta Construction Equipment III<br>Attn.: Christopher Baima<br>29547 Network Place<br>Chicago, Illinois 60673 | Attn.: Christopher Baima<br>Phone: (708) 243-0676<br>Email: christopher.baima@altg.com | Trade Vendor | | | | $1,690,884.00 |
| 7   Bridgestone Americas<br>Attn.: Kolin Howell<br>P.O. Box 73418<br>Chicago, Illinois 60673-7418 | Attn.: Kolin Howell<br>Phone: (512) 750-3041<br>Email: howellkolin@bfusa.com | Trade Vendor | | | | $1,344,408.00 |
| 8   Tredroc Tire Services, LLC<br>Attn.: Jason Miller<br>Drawer #2572<br>P.O. Box 5935<br>Troy, Michigan 48007 | Attn.: Jason Miller<br>Phone: (989) 614-1181<br>Email: jmiller@tredroc.com | Trade Vendor | | | | $1,335,381.00 |

| Debtor | Phoenix Services Parent, LLC | Case number (if known) | 22-_____ (   ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Novatech ApS<br>Attn.:  Tom Gilchrist<br>Skudehavnsvej 30<br>9000 Aalborg<br>Denmark | Attn.:  Tom Gilchrist<br>Phone: (484) 784-8290<br>Email:<br>tom.gilchrist@on-cranesolutions.com | Trade Vendor | | | | $1,088,546.00 |
| 10 | E-Crane International USA, Inc.<br>Attn.:  Steve Osborne<br>1332 Freese Works Place<br>Galion, Ohio 44833 | Attn.:  Steve Osborne<br>Phone: (614) 579-3732<br>Email: steve.osborne@e-crane.com | Trade Vendor | | | | $982,140.00 |
| 11 | Carter Machinery Company Inc.<br>Attn.:  Donna Ashbrook<br>P.O. Box 751053<br>Charlotte, North Carolina 28275-1053 | Attn.:  Donna Ashbrook<br>Phone: (540) 529-1420<br>Email:<br>donna_ashbrook@cartermachinery.com | Trade Vendor | | | | $940,527.00 |
| 12 | Halyard Corporation<br>Attn.:  Nick Balach<br>862 Kennedy Avenue<br>Schererville, Indiana 46375 | Attn.:  Nick Balach<br>Phone: (219) 798-5495<br>Email: nbalach@halyardcorporation.com | Trade Vendor | | | | $593,105.00 |
| 13 | Rud-Chain, Inc.<br>Attn.:  Jim Saunders<br>P.O. Box 367<br>Hiawatha, Iowa 52233 | Attn.:  Jim Saunders<br>Phone: (304) 582-8180<br>Email: jim.saunders@rudchain.com | Trade Vendor | | | | $541,534.00 |
| 14 | Sennebogen LLC<br>Attn.:  Constantino Lannes<br>957 Sennebogen Trail<br>Stanley, North Carolina 28164 | Attn.:  Constantino Lannes<br>Phone: (704) 340-8232<br>Email: clannes@sennebogenllc.com | Trade Vendor | | | | $507,863.00 |
| 15 | SERP Participant #1<br><br>Address on File | Address on File | Supplemental Executive Retirement Plan ("SERP") | | | | $475,419.00 |
| 16 | Whemco Steel Castings, Inc.<br>Attn.:  Thomas Kane<br>Dept. 781474<br>P.O. Box 78000<br>Detroit, Michigan 48278-1474 | Attn.:  Thomas Kane<br>Phone: (412) 576-8979<br>Email: tkane@whemco.com | Trade Vendor | | | | $472,400.00 |
| 17 | Mid South Sales, LLC<br>Attn.:  Anette Hiser<br>4522 East State Hwy. 18<br>Blytheville, Arkansas 72315 | Attn.:  Anette Hiser<br>Phone: (870) 763-6300<br>Email: ahiser@cadencepetroleum.com | Trade Vendor | | | | $465,430.00 |
| 18 | SERP Participant #2<br><br>Address on File | Address on File | Supplemental Executive Retirement Plan ("SERP") | | | | $450,202.00 |
| 19 | Cintas Corporation (LOC # 04M)<br>Attn.:  Anita Mikhail<br>P.O. Box 88005<br>Chicago, Illinois 60680-1005 | Attn.:  Anita Mikhail<br>Phone: (610) 207-8950<br>Email: mikhaila@cintas.com | Trade Vendor | | | | $428,656.00 |
| 20 | Motion Industries<br>Attn.:  Randy Breaux<br>P.O. Box 404130<br>Atlanta, Georgia 30384-4130 | Attn.:  Randy Breaux<br>Phone: (205) 956-1122<br>Email: randy.breaux@motion.com | Trade Vendor | | | | $405,582.00 |

| Debtor | Phoenix Services Parent, LLC | Case number (if known) | 22-_____ (  ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | SERP Participant #3<br><br>Address on File | Address on File | Supplemental Executive Retirement Plan ("SERP") | | | | $392,457.00 |
| 22 | SERP Participant #4<br><br>Address on File | Address on File | Supplemental Executive Retirement Plan ("SERP") | | | | $385,625.00 |
| 23 | Steel City Tire LLC<br>Attn.: Jason Miller<br>Drawer # 2572<br>P.O. Box 5935<br>Troy, Michigan 48007-5935 | Attn.: Jason Miller<br>Phone: (989) 614-1181<br>Email: jmiller@tredroc.com | Trade Vendor | | | | $364,104.00 |
| 24 | Mellott Company, LLC<br>Attn.: Jim Minnichbach<br>P.O. Box 45970<br>Baltimore, Maryland 21297 | Attn.: Jim Minnichbach<br>Phone: (717) 377-2651<br>Email: jminnichbach@mellotts.com | Trade Vendor | | | | $362,999.00 |
| 25 | G. WM. Walker Construction Company<br>Attn.: Scott Walker<br>8760 Louisiana Street<br>Merrillville, Indiana 46410 | Attn.: Scott Walker<br>Phone: (219) 736-1850<br>Email: gwjr@walkerconstrucionco.com | Trade Vendor | | | | $345,868.00 |
| 26 | Morris Motor Service, Inc.<br>Attn.: Chris Linders<br>10525 W U.S. Hwy. 30, Bld. 7<br>Wanatah, Indiana 46390 | Attn.: Chris Linders<br>Phone: (219) 313-2493<br>Email: chris1@mmsitrucking.com | Trade Vendor | | | | $332,420.00 |
| 27 | Grainger<br>Attn.: Sarah Janowicz<br>401 S Wright Road<br>Janesville, Wisconsin 53546 | Attn.: Sarah Janowicz<br>Phone: (708) 522-3129<br>Email: sarah.janowicz@grainger.com | Trade Vendor | | | | $305,540.00 |
| 28 | Terberg Tractors Americas Inc.<br>Attn.: Ferdinand Terberg<br>2790 NW 79 Avenue<br>Miami, Florida 33122 | Attn.: Ferdinand Terberg<br>Phone: (786) 452-9790<br>Email: f.terberg@terbergtractors.nl | Trade Vendor | | | | $298,143.00 |
| 29 | Allegheny Shovel & Drag, Inc.<br>Attn.: Jeremy Walters<br>328 Fogletown Road<br>Garrett, Pennsylvania 15542 | Attn.: Jeremy Walters<br>Phone: (814) 242-2497<br>Email: jeremycwalters@aol.com | Trade Vendor | | | | $293,144.00 |
| 30 | SERP Participant #5<br><br>Address on File | Address on File | Supplemental Executive Retirement Plan ("SERP") | | | | $284,523.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
                                              :
In re                                         :        Chapter 11
                                              :
PHOENIX SERVICES PARENT, LLC,                 :        Case No. 22– _____ (     )
                                              :
                      Debtor.                 :
                                              :
------------------------------------------------------------ x
```

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in Phoenix Services Topco, LLC and its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**").  Pursuant to Rule 1007(a)(3) of the Bankruptcy Rules, the organizational chart identifies all holders having an equity interest in the above-captioned debtor in possession.  The Debtors respectfully represent as follows:

1.      ANRP II Phoenix Services Holdings (LP), a non-Debtor, owns approximately 99% of the membership interests of Phoenix Services Topco, LLC.  Current and former employees own approximately 1% of the membership interests of Phoenix Services Topco, LLC.

2.      Phoenix Services Topco, LLC owns 100% of the membership interests of Phoenix Services Parent, LLC.

3.      Phoenix Services Parent, LLC owns 100% of the equity interests of Phoenix Services Holdings Corp.

4.     Phoenix Services Holdings Corp. owns 100% of the membership interests of Phoenix Services International LLC.

5.     Phoenix Services International LLC owns 100% of the membership interests of Metal Services LLC.

6.     Metal Services LLC owns 100% of the membership interests of:

a.   Terracentric Materials LLC;

b.   Cool Springs LLC;

c.   Metal Services Investment LLC; and

d.   Phoenix Receivables, LLC.[1]

---

[1] Metal Services LLC also owns a 99% interest in non-Debtor Phoenix Services Europe Coöperatief U.A., which, in turn, owns interests in other non-Debtor subsidiaries.

**<u>Exhibit A</u>**

**Organizational Chart**



Structure as of September 2022[1]

[1] Subject to ongoing diligence

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
                                       :
In re                                  :      Chapter 11
                                       :
PHOENIX SERVICES PARENT, LLC,          :      Case No. 22– _____ (      )
                                       :
          Debtor.                      :
                                       :
------------------------------------------------------------ x
```

## LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐     There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒     The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Phoenix Services Topco, LLC<br>4 Radnor Corporate Center, Suite 520<br>100 Matsonford Road<br>Radnor, Pennsylvania 19087 | Membership Interests | 100% |

---

[1]   This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: <u>Phoenix Services Parent, LLC</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
(State)

Case number (*If known*):    22-____ ( )

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>September 27, 2022</u>
MM /DD /YYYY

X <u>/s/ Robert A. Richard</u>
Signature of individual signing on behalf of debtor

<u>Robert A. Richard</u>
Printed name

<u>Chief Financial Officer</u>
Position or relationship to debtor